{¶ 31} While I agree with the majority in overruling the cross-assignment of error, I must respectfully disagree with its disposition of the OIGA's sole assignment of error. Thereunder, the OIGA asserts that the Lanes' lawsuit constituted only one "covered claim" rather than three separate "covered claims."
 {¶ 32} The Ohio Insurance Guaranty Association Act obligates the OIGA to pay all "covered claims" after an insurer has been declared insolvent. Pursuant to R.C. 3955.01(D)(2)(b), the OIGA's obligation is limited to $300,000 for any "covered claim." A "covered claim" is defined as "an unpaid claim * * * which arises out of and is within the coverage of an insurance policy * * * issued by an insolvent insurer." R.C.3955.01(D)(1). Thus, in order to determine whether a claim is a "covered claim" under the Act, the language contained in the insurance policy issued by the insolvent insurer must be looked at.
 {¶ 33} Here, the relevant portion of the PIE policy issued to Dr. Witt provides the following:
 {¶ 34} "The Limit of Liability [one million dollars] stated in the General Declarations, as applicable to `each claim,' is the limit of The Company's liability for all damages because of any one claim or suit or all claims or suits first made during the Policy period because of injury to or death of any one person."
 {¶ 35} This provision provides that all damages from any one or more claims because of the occurrence of bodily injury to Mrs. Lane are limited to $1,000,000. This provision aggregates all claims into a single $1,000,000 limit. It does not, as suggested by the OIGA and accepted by the majority, aggregate all claims into a single claim. In fact, by using the language "one claim or suit or all claims or suits," it expressly allows for multiple claims to arise from the injury to any one person. Had the legislature intended to provide a cap of $300,000 per occurrence of injury it clearly could have done so.
 {¶ 36} Accordingly, I agree with the trial court that the PIE policy at issue "contemplates and covers multiple claims rising from the death or bodily injury to any one person." Thus, the malpractice and two loss of consortium claims stemming from the medical malpractice to Mrs. Lane constitute three separate claims. Since three separate claims exist, three separate covered claims exist. Accordingly, the OIGA should have been obligated to pay all three "covered claims" subject to the statutory $300,000 per claim limit.
 {¶ 37} For the following reasons, I would overrule the OIGA's assignment of error and affirm the judgment of the trial court.